## GEORGE S. FOGG *vs.* JOSEPH WILLCUTT.

Where the payee of a negotiable promissory note, for the purpose of indemnifying one who had become his surety for the payment of the fees and expenses attending the institution of proceedings in insolvency, negotiated and transferred the note to the surety, before the commencement of such proceedings, it was held, that, in the absence of fraud, the maker of the note could not set up in defence the title of the payee's assignee, and that it was immaterial whether the note was indorsed by the payee before or after his insolvency.

THIS was an action by the plaintiff, as the indorsee, against the defendant, as the maker, of a promissory note, dated August 14th, 1843, for thirty dollars and thirty-three cents, payable in three months to the order of Lyman Wood, and indorsed by him.

It appeared, on the trial, which was in the court of common pleas, before *Ward*, J., that, about the time of the date of the note, Lyman Wood, the payee, applied to a master in chancery, for the benefit of the insolvent law; that the master refused to allow proceedings for that purpose to be commenced, until he had been secured for his fees and expenses; that the plaintiff thereupon at the request of Wood became his surety; and, that Wood, at the same time, delivered the plaintiff the note in suit, as security for whatever fees, &c., he might be obliged to pay the master. It was doubtful, upon the evidence, whether the indorsement by Wood was made before or after, though the note was delivered to the plaintiff before, the commencement of the proceedings in insolvency. The assignment of Wood's estate bears date September 4th, 1843, and purports to convey all the property, &c., of which he was possessed, on the 18th of August, 1843.

It was contended for the defendant, that Wood could not lawfully transfer the note, at the time, and for the purpose, mentioned; and that the same then was, in fact, the property of the assignee, by virtue of the assignment in insolvency.

But the jury were instructed, that, in the absence of all fraudulent intent, on the part of Wood, he might lawfully transfer the note to the plaintiff; and a verdict being found accordingly, the defendant excepted

*H. Wellington*, for the defendant

*E. N. Moore*, for the plaintiff.

BY THE COURT. The instruction was right; and upon the facts stated, — the plaintiff claiming as indorsee of a negotiable note not dishonored, proving himself the holder, and having a legal title, — we think that the defendant could not set up title in a third person, by way of defence. Even if the assignee could have avoided the effect of an indorsement of the note, it was a right which he might waive. The defendant could not avail himself of it. Perhaps, if the assignee had demanded payment of the note of the defendant, and given him notice not to pay it to the plaintiff, the defendant, in behalf of the assignee, might have been let in to prove that the indorsement was fraudulent, if such was the fact. But no such notice from the assignee, or demand upon himself, was shown by the defendant. It could make no difference, if the note had been actually indorsed after the commencement of the proceedings in insolvency, it being found that it was previously negotiated and delivered to the plaintiff, which made a good equitable title. *Ranger* v. *Cary*, 1 Met. 369.

*Exceptions overruled.*